IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–58–BLG–SPW–02 |
| Plaintiff, | |
| vs. | ORDER |
| CHAD BERES, | |
| Defendant. | |

On September 6, 2022, Defendant Chad Beres filed a motion to reduce his 181-month federal sentence for Conspiracy to Possess with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Methamphetamine, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 3582(c)(1)(A). (Doc. 250; *see* Doc. 145 (Judg.).) His projected release date is February 17, 2031. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 27, 2023). On September 7, 2022, counsel was appointed to represent the defendant. (Doc. 251.) Appointed counsel filed an amended motion on September 9, 2023. (Doc. 264.) The government opposes. (Doc. 268.) For the reasons stated below, Beres's motion is granted.

1

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).[1] Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Beres argues that his acquisition of a "drop tag" designation within the Bureau of Prisons and his risk of reinfection with COVID-19 warrants a reduction in sentence. Ultimately, because Beres's participation in the "drop out" program is an extraordinary and compelling reason and the § 3553(a) factors weigh in favor of

---

[1] On November 1, 2023, the Sentencing Commission amended its policy statements to further define "extraordinary and compelling reasons." *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (*available at* https://perma.cc/9ZYQ-GK29). Although the amendments were not in effect when the parties briefed this matter, the Court's decision incorporates the enacted changes.

2

a sentence reduction, his motion is granted.

## I. Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Beres filed a request for relief with the warden at his facility on June 19, 2022, and received no response. (*See* Doc. 266-2.) Beres has therefore exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including the "medical circumstances of the defendant" and "other reasons" similarly serious. U.S. Sent'g Guidelines Manual §1B1.13(b)(1), (5). The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* §1B1.13(d). Beres asserts that his risk of reinfection with COVID-19 and his efforts to break from his gang affiliation through the "drop out" program managed by the National Gang Unit of the Federal Bureau of Investigations and the Special Investigations Service of the Bureau of Prisons are extraordinary and

3

compelling reasons to justify a 60-month reduction in his sentence.

Beres argues that his successful participation in the "drop out" program rises to the level of extraordinary and compelling under §1B1.13(b)(5). Section 1B1.13(b)(5) states that extraordinary and compelling reasons can exist for "[o]ther reasons" when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." This catch-all provision allows the Court discretion over what may qualify as extraordinary and compelling. Additionally, §1B1.13(d) allows the Court to consider "rehabilitation of the defendant while serving the sentence . . . in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." The Court acknowledges that the "drop out" program is a lengthy process that requires the defendant to be fully vetted and debriefed by the relevant federal agencies. Beres's participation and commitment to this program is highly commendable and shows a genuine desire for rehabilitation.

Section 1B1.13(d) does not consider rehabilitation "by itself" an independent extraordinary and compelling reason, however the "drop out" program is not simply a rehabilitation program. The "drop out" program requires a defendant to provide valuable information to the relevant federal agencies to

4

combat gang activity and could, potentially, endanger the life of a defendant. Beres provided a service beyond his own rehabilitation and at his own risk, which may be considered "similar in gravity" to other extraordinary and compelling circumstances. U.S. Sent'g Guidelines Manual §1B1.13(b)(5). Furthermore, independent from his "drop tag" designation, Beres became a model inmate, participating in multiple educational and rehabilitative programs while incarcerated, and earning transfer to a minimum-security facility. (Doc. 266-5.) Beres's rehabilitation can be considered in combination with his participation in the "drop out" program pursuant to §1B1.13(d). His "drop tag" designation combined with his rehabilitation while incarcerated constitutes an extraordinary and compelling reason.

However, Beres's argument that his increased risk of reinfection with COVID-19 warrants a sentence reduction is unpersuasive. While "medical circumstances" can be extraordinary and compelling reasons for a reduction in sentence, U.S. Sent'g Guidelines Manual §1B1.13(b)(1)(B), Beres did not provide sufficient medical evidence to show that his risk of COVID-19 reinfection "substantially diminish[es]" his ability "to provide self-care within the environment of a correctional facility" from which he is "not expected to recover." *Id.* §1B1.13(b)(1)(B)(iii). Given the effectiveness and availability of COVID-19 vaccines, Beres has the ability to access care within the correctional facility.

5

Therefore, Beres's risk of reinfection is not extraordinary and compelling. *See id.* §1B1.13(b)(1); *see also, USA v. King,* 2023 WL 7194866, at *4 (N.D. Cal. Nov. 1, 2023).

### III. Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Here, Beres was involved in distributing drugs in the Billings area, (*see* Doc. 149 ("PSR") at ¶¶ 7–25), and upon arrest, investigators found approximately 700 grams of methamphetamine at his and his co-defendant's residence. (*Id.* at ¶¶ 26–27.) Investigators also found three shotguns, three rifles, and two handguns inside

6

the residence. (*Id.* at ¶ 26.) Beres's advisory guideline range was 121 to 151 months with mandatory minimums of ten years and five years. (*Id.* at ¶¶ 78–80.) Beres received the mandatory minimum for all three counts with 121 months for counts one and two to run concurrently and 60 months for count three to run consecutively to the first two counts. (Doc. 145.)

His existing sentence therefore already reflects a favorable consideration of his criminal history and adheres to the mandatory minimums. However, a sentence reduction is not contrary to the § 3553(a) factors. Taking into account the need to promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant, Beres's successful completion of the "drop out" program contributes to protecting the public from further crimes by the defendant and further gang crimes overall. It also shows a clear respect for the law.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 250, 264) is GRANTED. Defendant's sentence shall be reduced by 60 months resulting in a total sentence of 121 months imprisonment.

DATED this 19th day of December, 2023.

Susan P. Watters, District Judge